### IN THE UNITED STATES DISRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **ANN M. SVOBODA**<br>4853 West 14th Street<br>Cleveland, OH 44109 | CASE NO. |
| | JUDGE |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **SETERUS, INC.**<br>c/o CT Corporation System, Statutory Agent<br>1300 East 9th Street<br>Cleveland, OH 44114 | |
| Defendant. | |

Now comes Plaintiff Ann M. Svoboda, by and through counsel, and hereby states for her Complaint against Defendant Seterus, Inc., as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Ann M. Svoboda ("Plaintiff" or "Ms. Svoboda") is the owner of the real property located at and commonly known as 4853 West 14th Street, Cleveland, OH 44109 (the "Property").

2.      Defendant Seterus, Inc. ("Defendant" or "Seterus") is the current servicer of a note (the "Note") and mortgage on the Property that allegedly secures the Note (the "Mortgage") (collectively referred to hereinafter as the "Loan").

3.      This Court has jurisdiction pursuant to 28 U.S.C. §1331 as this action arises under the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq*. (RESPA), the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq*. (TILA) and the Fair Debt Collection Practices Act (FDCPA).

1

4.      This action is specifically filed to enforce regulations promulgated by the Consumer Finance Protection Bureau (CFPB)  that became effective on January 10, 2014, specifically, 12 C.F.R. § 1024.41 of Regulation X.

5.      This Court has supplemental jurisdiction to hear any and all state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiff maintains the Property as Plaintiff's primary residence and has maintained the Property as Plaintiff's primary residence at all other relevant times.

## INTRODUCTION

7.      Plaintiff restates and incorporates herein all of her statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten.

8.      In January 2013, the CFPB issued a number of final rules concerning mortgage markets in the United States, pursuant to the DFA, Public Law No. 111-203, 124 Stat. 1376 (2010).

9.      Specifically, on January 17, 2013, the CFPB issued the RESPA (Regulation X) and TILA (Regulation Z) Mortgage Servicing Final Rules, 78 F.R. 10901 (February 14, 2013) and 78 F.R. 10695 (Regulation X) (February 14, 2013), which became effective on January 10, 2014.

10.      The Loan in the instant matter is a "federally related mortgage loan" as said term is defined by 12 C.F.R. § 1024.2(b).

11.      Defendant is subject to the aforesaid Regulations and does not qualify for the exception for "small servicers", as such term is defined in 12 C.F.R. §1026.41(e)(4), nor for the exemption for a "qualified lender", as such term is defined in 12 C.F.R. §617.700.

12.     Plaintiff is asserting a claim for relief against Defendant for breach of the specific rules under Regulation X as set forth below.

13.     Plaintiff has a private right of action under RESPA pursuant to 12 U.S.C. §2605(f) for the claimed breaches and such action provides for remedies including actual damages, costs, statutory damages, and attorneys' fees.

## BACKGROUND

14.     Plaintiff restates and incorporates herein all of her statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten.

15.     Defendant began servicing the Loan at some point prior to January 1, 2015.

16.     Defendant services the Loan on behalf of the owner or assignee of the Loan, non-party Federal National Mortgage Association ("Fannie Mae").

17.     On or about January 26, 2015, Plaintiff submitted a loss mitigation application (the "Application") to Defendant via facsimile transmission to (866)570-5277.  A copy of the facsimile transmission containing the Application is attached as *Plaintiff's Exhibit A*.

18.     Defendant was in possession of the Application on January 26, 2015.  See *Plaintiff's Exhibit A*.

19.     Defendant sent correspondence to The Dann Law Firm Co, L.P.A. ("DLF"), counsel for Plaintiff, dated January 28, 2015, acknowledging receipt of the Application (the "First Acknowledgment").  A copy of the First Acknowledgment is attached as *Plaintiff's Exhibit B*.

20.     The First Acknowledgment requested a number of documents in order to render the Application complete by Defendant's standards.  See *Plaintiff's Exhibit B*.

21.     The First Acknowledgment stated that "[t]o evaluate [Plaintiff's] request, we need the following documents by no later than April 26, 2015."  See *Plaintiff's Exhibit B*.

22.     The First Acknowledgment requested a number of documents pertaining solely to non-retention loss mitigation options for which Plaintiff did not want to be considered.  See *Plaintiff's Exhibit B*.

23.     On February 26, 2015, Plaintiff submitted an updated Uniform Borrower Assistance Form and a Letter of Explanation to Defendant explaining that Plaintiff only desired to be considered for loss mitigation options that allowed for her to retain ownership of and/or title to the Property (collectively referred to hereinafter as the "Updated Documentation").  A copy of the Updated Documentation is attached as *Plaintiff's Exhibit C*.

24.     Defendant sent correspondence to DLF, dated March 3, 2015, acknowledging receipt of the Updated Documentation (the "Second Acknowledgment").  A copy of the Second Acknowledgment is attached as *Plaintiff's Exhibit D*.

25.     The Second Acknowledgment requested that the Borrower submit additional documentation in order to render the Plaintiff's Application, along with the Updated Documents, a complete loss mitigation application pursuant to Defendant's requirements. See *Plaintiff's Exhibit D*.

26.     The Second Acknowledgment stated that "[Plaintiff] must send the remaining required documents to be received by [Defendant] by [sic] no later than April 26, 2015."  See *Plaintiff's Exhibit D*.

27.     Defendant sent correspondence to DLF, dated March 12, 2015, approving Plaintiff for a Trial Period Plan ("TPP") for a Fannie Mae loan modification (the "Approval"). A copy of the Approval is attached as *Plaintiff's Exhibit E*.

28.     Per the terms of the Approval, to accept the TPP, Plaintiff was required to make the first payment of $629.14, pursuant to the terms of the TPP, on or before April 1, 2015.

29.     Plaintiff has made any and all required payments pursuant to the TPP as of the time of filing this Complaint.

30.     On March 19, 2015, Fannie Mae, care of Defendant, filed a complaint captioned or otherwise titled as *Complaint for Foreclosure and Declaratory Judgment and Notice under the Fair Debt Collection Practices Act (In Rem Only)* (the "Foreclosure Complaint") or caused the same to be filed, with the Clerk for the Court of Common Pleas for Cuyahoga County, Ohio. A copy of the Complaint is attached as *Plaintiff's Exhibit F*.

31.     The filing of the Complaint initiated the foreclosure proceedings captioned or otherwise stylized as *Federal National Mortgage Association ("Fannie Mae"), a corporation organized and exhibit under the laws of the United States of America v. Ann M. Svoboda*, et al., and assigned case number 15-CV-842320 (the "Foreclosure").  See *Plaintiff's Exhibit F*.

32.     Defendant sent correspondence to DLF, dated March 27, 2015, stating that Plaintiff was denied for various loss mitigation options (the "Denial"). A copy of the Denial is attached as *Plaintiff's Exhibit G*.

33.     The Denial stated that Defendant reviewed Plaintiff for eligibility under five (5) options: Repayment; Forbearance; Cap and Extend Modification; Home Affordable Modification (Tier 1); and, Mod24 Modification.

34.     The Denial stated that Plaintiff was denied for all five (5) loss mitigation options referenced in the Denial. See *Plaintiff's Exhibit G*.

35.     The Denial did not inform Plaintiff of their right to appeal Defendant's review of Plaintiff's eligibility under the programs referenced in the Denial.  See *Plaintiff's Exhibit G*.

36.     On April 1, 2015, Plaintiff sent correspondence to Defendant captioned "Notice of Error under 12 C.F.R. § 1024.35(b)(9) for filing Complaint in violation of 12 C.F.R. § 1024.41(f)(2)" ("NOE #1) via Certified U.S. Mail [Receipt #: 7014 2870 0000 6446 4234). A copy of NOE #1 is attached as *Plaintiff's Exhibit H*.

37.     Defendant received NOE #1 on April 11, 2015.  A copy of the tracking information for NOE #1 obtained from www.usps.com is attached as *Plaintiff's Exhibit H*

38.     Defendant sent correspondence to DLF, dated April 16, 2015, acknowledging receipt of NOE #1 ("Acknowledgment of NOE #1").  A copy of Acknowledgment of NOE #1 is attached as *Plaintiff's Exhibit I*.

39.     On April 23, 2015, Plaintiff sent correspondence to Defendant captioned "Notice of Error pursuant to 12 C.F.R. § 1024.35(b)(11) for failure to comply with the requirements of   12 C.F.R. § 1024.41(c); Notice of Error pursuant to 12 C.F.R. §1024.35(b)(11) for failure to comply with the requirements of  12 C.F.R. § 1024.41(c) in failing to notify the Borrower of their right to appeal the denial of their eligibility for any and all loss mitigation options" ("NOE #2) via Certified U.S. Mail [Receipt #: 7014 2870 0000 6446 3077).  A copy of NOE #2 is attached as *Plaintiff's Exhibit J*.

40.     Defendant received NOE #2 on April 27, 2015.  A copy of the tracking information for NOE #1 obtained from www.usps.com is attached as *Plaintiff's Exhibit K*

41.     Defendant sent correspondence to DLF, dated April 28, 2015, acknowledging receipt of NOE #2 ("Acknowledgment of NOE #2").  A copy of Acknowledgment of NOE #2 is attached as *Plaintiff's Exhibit L*.

42.     Defendant has incurred costs in having to defend their interests in the Foreclosure.

**COUNT ONE: VIOLATION OF 12 C.F.R. § 1024.41(f)(2)**

**(Filing complaint for foreclosure after a borrower has accepted, and while the borrower was in compliance with, the terms of a trial period payment plan)**

43.     Plaintiff restates and incorporates herein all of her statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten.

44.     12 C.F.R. § 1024.41(f)(1) provides that if a borrower submits a complete loss mitigation application prior to the filing of a complaint for foreclosure, then a servicer shall not make file a complaint for foreclosure unless: (1) the servicer has sent written notice informing the borrower that they have been denied for all loss mitigation options and an appeal or such decision is not available, has not been requested, or has been denied; (2)  the borrower rejects all loss mitigation options offered by the servicer; or, (3) the borrower fails to perform under an agreement on a loss mitigation option.

45.     The official CFPB comments to 12 C.F.R. § 1024.41 provides that 12 C.F.R. § 1023.41(c)(2)(iv) "requires a servicer to treat a facially complete application as complete for the purposes of paragraphs (f)(2) and (g) until the borrower has been given a reasonable opportunity to complete the application" which "requires the servicer to notify the borrower of what additional information or corrected documents are required, and to afford the borrower sufficient time to gather the information and documentation necessary to complete the application and submit it to the servicer."

46.     Plaintiff submitted the Application prior to the filing of the Foreclosure Complaint.  See *Plaintiff's Exhibits A* and *F*, respectively.

47.     Defendant permitted the Plaintiff a reasonable time, until April 26, 2015, for Plaintiff to submit any additional documentation required by Defendant to render the Application complete per Defendant's standards.

48.     The Application was deemed to be facially complete for the purposes of 12 C.F.R. § 1024.41(f) as of January 26, 2015, until the earlier of Plaintiff submitting any and all documentation requested by and through the Second Acknowledgment or until at least April 26, 2015.  See *Plaintiff's Exhibits A*, *B*, *C*, and *D*, respectively.

49.     Plaintiff was approved for a TPP on or about March 12, 2014.  See *Plaintiff's Exhibit E*.

50.     In order to accept the TPP, Plaintiff was required to make the first payment pursuant to the terms of the TPP on or before April 1, 2015. See *Plaintiff's Exhibit E*.

51.     Plaintiff filed the Foreclosure Complaint on March 19, 2015.  See *Plaintiff's Exhibit F*.

52.     As of March 19, 2015, Defendant had not sent correspondence to Plaintiff informing Plaintiff that Plaintiff has been denied for all loss mitigation options.

53.     As of March 19, 2015, Plaintiff had not rejected any and all loss mitigation options which Defendant offered to Plaintiff on March 12, 2015. See *Plaintiff's Exhibit E*.

54.     As of March 19, 2015, Plaintiff had not failed to perform under an agreement for the TPP for which Defendant approved Plaintiff on March 12, 2015.

55.     Defendant's actions in filing of the Foreclosure Complaint, which initiated the Foreclosure, on March 19, 2015, constitute a willful violation of 12 C.F.R. § 1024.41(f)(2).

56.     Defendant's actions are believed to be a pattern and practice of behavior in conscious disregard for Plaintiff's rights.

57.     As a result of Defendant's actions, Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees.

## COUNT TWO: VIOLATION OF 12 C.F.R. § 1024.41(c)(1)

### (Failing to notify a borrower of their right to appeal the denial of their eligibility for any and all loss mitigation options)

58.     Plaintiff restates and incorporates herein all of her statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten.

59.     12 C.F.R. § 1024.41(c)(1) provides that if a servicer receives a loss mitigation application more than thirty-seven (37) days before a foreclosure sale, then, within thirty (30) days, a servicer must evaluate the borrower for any and all loss mitigation options available to the borrower and provide the borrower with written notice stating which loss mitigations for which the borrower is eligible.

60.     12 C.F.R. § 1024.41(c)(1)(ii) further provides that the written notice stating the servicer's determination of for which loss mitigation options a borrower is eligible must also state that the borrower "has the right to appeal the denial of any loan modification option as well as the amount of time the borrower has to file such an appeal and any requirements for making an appeal, as provided for in [12 C.F.R. § 1024.41(h)]".

61.     12 C.F.R. § 1024.41(h)(1) provides that if a servicer receives a complete loss mitigation application at least ninety (90) days prior to a foreclosure sale, then a servicer "shall permit a borrower to appeal the servicer's determination to deny a borrower's loss mitigation application for any trial or permanent loan modification program available to the borrower."

62.     Defendant received a complete loss mitigation application from Plaintiff more than ninety (90) days prior to a scheduled foreclosure sale of the Property.  See *Plaintiff's Exhibits A*, *B*, *C*, and *D*, respectively.

63.     Defendant sent the Denial on March 27, 2015. See *Plaintiff's Exhibit G*.

64.     The Denial did not mention that Plaintiff had a right to appeal the determination that Plaintiff was not eligible for any of the five (5) loss mitigation options for which Defendant determined Plaintiff was not eligible.  See *Plaintiff's Exhibit G*.

65.     Defendant's actions in failing to notify Plaintiff in the Denial of Plaintiff's right to appeal the Defendant's determination that Plaintiff was not eligible for loss mitigation options for which Defendant reviewed Plaintiff, constitute a willful violation of 12 C.F.R. §1024.41(c)(1).

66.     Defendant's actions are believed to be a pattern and practice of behavior in conscious disregard for Plaintiff's rights.

67.     As a result of Defendant's actions, Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter its order granting judgment for the following:

A.)     For actual damages, costs, and reasonable attorney fees;

B.)     For statutory damages in the amount of Two Thousand Dollars ($2,000.00) as to each and every count contained in Counts One and Two;

C.)     Such other relief which this Court may deem appropriate.

Respectfully submitted,

/s/ Marc E. Dann
Marc E. Dann (0039425)
Grace M. Doberdruk (0085547)
THE DANN LAW FIRM CO., L.P.A.
P.O. Box 6031040
Cleveland, OH  44103
Telephone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/ Marc E. Dann
Marc E. Dann (0039425)
Grace M. Doberdruk (0085547)
THE DANN LAW FIRM CO., L.P.A.

11